COUNCIL OF NEW JERSEY STATE COLLEGE LOCALS, AFT/AFL–CIO, PLAINTIFF–APPELLANT, v. NEW JERSEY STATE COLLEGE GOVERNING BOARDS ASSOCIATION, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted June 1, 1988—Decided July 20, 1988.

Before Judges MICHELS, SHEBELL and A.M. STEIN.

*Dwyer & Canellis,* attorneys for appellant (*Paul J. Burns,* on the brief).

*Hale & Petnicki,* attorneys for the respondent (*Richard Hale,* on the brief).

*Russell Weiss, Jr.,* submitted a brief on behalf of amicus curiae New Jersey School Boards Association (*Donna M. Kaye,* on the brief).

The opinion of the court was delivered by

A.M. STEIN, J.S.C. (temporarily assigned).

Plaintiff appeals from the ruling of the trial court holding that defendant New Jersey State College Governing Boards Association (Association) is not a public body within the meaning of the Open Public Meetings Act, *N.J.S.A.* 10:4–6, *et seq.* We reverse.

 Plaintiff is the collective bargaining unit for all teaching professionals and certain non-teaching professionals employed in State colleges. Defendant association is a non-profit corporation established under *N.J.S.A.* 18A:64–45, *et seq.* The State colleges are the members of the association. *N.J.S.A.* 18A:64–45. The statutory purpose of the association is set forth in *N.J.S.A.* 18A:64–50:

The association shall encourage and aid all movements for the improvement of State college education and shall, from time to time, make recommendations

to the Board of Higher Education regarding the coordination of the State colleges on matters of mutual interest and concern.

The association's functions are further summarized in the *Senate Education Committee Statement,* Senate No. 2398, *L.* 1985, *c.* 161:

This bill establishes the New Jersey State College Governing Boards Association. *The association will engage in activities for the collective advancement of the State colleges; act as advocate for the needs of the State colleges; and offer services to the State colleges as may be requested from time to time.*

. . . .

*The purpose of the association is to provide a strong advocate for the State colleges.* This follows the recommendation of the Commission on the Future of the State Colleges as modified by the Board of Higher Education on October 26, 1984. [Emphasis added].

The association obtained its revenues for operating expenses by assessing the member State colleges. *N.J.S.A.* 18A:64–51 provides:

For purposes of defraying the expenses of the association, the State colleges shall pay the necessary expenses incurred by the members and shall appropriate annually such sums for dues as may be assessed by the association. The assessment shall be made only upon a two-thirds vote of the membership present at the meeting, after notice of the taking of that vote shall have been given to each State college in writing at least 60 days before the meeting of the association. Dues shall be assessed upon a graduated scale according to the size of the State college.

The purpose of the Open Public Meetings Act, with certain specific exceptions is

... to insure the right of its citizens to have adequate advance notice of and the right to attend all meetings of public bodies at which any business affecting the public is discussed or acted upon in any way.... *N.J.S.A.* 10:4–7.

*N.J.S.A.* 10:4–8a, as amended by *L.* 1981, *c.* 176, § 2, defines a public body as:

... a commission, authority, board, council, committee or any other group of two or more persons organized under the laws of this State, and collectively *empowered as a voting body to perform a public governmental function affecting the rights, duties, obligations, privileges, benefits, or other legal relations of any person, or collectively authorized to spend public funds....* [Emphasis added].

*N.J.S.A.* 10:4–7, as amended, *L.* 1981, *c.* 176, § 1, further provides that:

... in order to be covered by the provisions of this act a public body must be organized by law and be collectively empowered as a multi-member voting body to *spend public funds or affect persons' rights;* that, therefore, informal or *purely advisory bodies with no effective authority are not covered....* [Emphasis added].

We need not decide whether the association is collectively empowered as a voting body to perform a public governmental function affecting the rights, duties, obligations, privileges, benefits or other legal relations of any person (*N.J.S.A.* 10:4–7, 8). We are satisfied that the association is authorized to spend public funds. The source of defendant's funds is an assessment for dues imposed upon each State college member. The monies received by the State colleges are public funds. That portion of such funds forwarded to defendant for fulfillment of its statutory purpose remains public funds.

■ We decline to void all actions taken by defendant at non-public meetings since its inception. *N.J.S.A.* 10:4–15a. We believe that such a ruling would be unnecessary to insure compliance with the Open Public Meetings Act. *N.J.S.A.* 10:4–16. *Polillo v. Deane,* 74 *N.J.* 562, 578–579 (1977).

The judgment of the Superior Court, Law Division, is reversed. The matter is remanded for entry of judgment consistent with this opinion.